IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No.  3:25-cr-00012 |
| | ) | |
| v. | ) | |
| | ) | Chief Judge William L. Campbell |
| | ) | |
| LUIS FERNANDO GONZALEZ-RAMIREZ | ) | |

## MOTION FOR DETENTION

The United States of America, by and through Robert E. McGuire, the Acting United States Attorney for the Middle District of Tennessee, and Kathryn Risinger, Assistant United States Attorney, respectfully files this memorandum in support of pre-trial detention for Luis Fernando Gonzalez-Ramirez ("Gonzalez" or "the defendant") and advises the Court that at his Initial Appearance in the above-referenced cases, the United States will move for pre-trial detention of the defendant pursuant to Title 18, United States Code, Section 3142(f)(1)(E) because he constitutes a danger to the community and a flight risk. The Government moves for a continuance of three business days to hold a detention hearing. In support thereof, the Government would show the following:

## REQUEST FOR DETENTION

### A. Legal Basis for Detention:

Pursuant to Title 18, United States Code, Section 3142(f)(1)(E), the Court shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community upon a motion by the Government in a case that involves "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm. . ." The defendant is charged with the following offense: Count One

–Possession of a Machinegun, in violation of 18 U.S.C. § 922(o).

A defendant may be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court shall consider: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *United States v. Stone*, 608 F.3d 939, 945 (2010). And, when "risk of flight" serves as the basis for detention, the Government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## B. Factual Basis for Detention:

### 1. Facts Underlying Charges:

Between August 2024 and September 2024, Gonzalez sold privately made firearms ("PMF"), including AR-15 style rifles, and machinegun conversion devices ("MCD"), also known as Glock switches, to another individual on three different occasions.

More specifically, on or about August 21, 2024, Gonzalez sold a PMF—an AR-15 pistol—

2

to another individual in exchange for $1,100.

Then, on or about August 28, 2024, Gonzalez sold a PMF—AR-15 style pistol—a Glock 23, .40 caliber pistol with an after-market trigger mechanism, and six MCDs to another individual in exchange for $5,700. The Glock 23, .40 caliber pistol sole by Gonzalez was determined to have been previously reported stolen on July 4, 2015, from Centerville, Tennessee, during a residential burglary.

Finally, on or about September 18, 2024, Gonzalez sold an MCD and a firearm to another individual in exchange for $1,700.

### C.  Request for Detention:

The Government submits that following any hearing in this case, the factors to be considered by this Court – (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release – weigh in favor of the Government and the Government will have presented, by clear and convincing evidence, that the defendant poses a danger to the community that cannot be mitigated by the Court's imposition of conditions or combination of conditions of release, and by a preponderance of the evidence, that the defendant poses a flight risk. Furthermore, the defendant will not be able to show by clear and convincing evidence that he does not pose a danger to the community or a flight risk.

### CONCLUSION

The Government respectfully requests that the Court hold a detention hearing in the above-referenced cases, and following any such hearing, detain the defendant pending trial.

3

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney
Middle District of Tennessee


By:    /s/ Kathryn Risinger
         KATHRYN RISINGER
         Assistant United States Attorney
         719 Church Street, Suite 3300
         Nashville, Tennessee 37203
         Phone:  6l5-736-5l5l

4